110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Manuel BURGOS, Petitioner-Appellant,
v.
P.L. KERNAN; Attorney General, State of California,
Respondents-Appellees.
 No. 96-15693.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Manuel Burgos appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends his conviction is invalid due to prosecutorial misconduct and the omission of any jury instruction defining assault. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We affirm.
 
 A. Omission of Instruction Defining Assault
 
 3
 Burgos was convicted, inter alia, of two counts of assault with a deadly weapon. The trial court gave the jury the following instruction:
 
 
 4
 Every person who commits an assault upon a person of another with a firearm is guilty of a violation of section 245(a) of the Penal Code.
 
 
 5
 In order to prove such crime, each of the following must be proved:
 
 
 6
 (1) a person was assaulted, and
 
 
 7
 (2) the assault was committed with a firearm.
 
 
 8
 The State concedes that the trial court erred because no instruction was ever giving defining assault.
 
 
 9
 The district court denied the claim, concluding that any error was harmless. After reviewing the record before us, we are confident that the error played no role in the jury's verdict. See Carella v. California, 491 U.S. 263, 270 (1989) (Scalia, J., concurring); see also Hennessy v. Goldsmith, 929 F.2d 511, 515-16 (9th Cir.1991).
 
 B. Prosecutorial Misconduct
 
 10
 The state court of appeals expressly held that Burgos waived any objection to three instances of alleged prosecutorial misconduct due to his failure to raise objections at trial. Because Burgos has not established cause for, and prejudice from, his procedural default, the district court properly determined that these grounds of prosecutorial misconduct were procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 
 11
 The district court properly concluded that the prosecutor's statements during opening argument that Burgos used force and violence to intimidate people and wanted to be "leader of the pack" were not improper.
 
 
 12
 During closing argument, the prosecutor repeatedly asked, what "kind of person" would accumulate so many weapons and so much ammunition? Even if the prosecutor's question was improper, the question did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process." See Donnelly v. Dechristoforo, 416 U.S. 637, 643 (1974).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3